## S. C. HEARN, Adm'r. *v.* ROBERTS *et al.*

ADMINISTRATION. *Insolvent estate. Statute of limitation..* The suggestion
of the insolvency of an estate does not change the period of lim-
itation for suing on claims not due at the time of the qualification
of the personal representative, but the claimant may, under the Code,
Secs. 2330, 2377, be barred from becoming a party to an insolvent
suit, or participating in the division of assets, unless he file his
claim in said suit before an appropriation of the funds of the estate.

### FROM HENRY.

Appeal from the Chancery Court at Paris. JNO.
SOMERS, Ch.

T. C. FRYER and J. M. CLARK for complainant.

J. M. Thomason for defendants.

COOPER, J., delivered the opinion of the court.

Administration on the estate of S. C. Love was
granted at the September term, 1874, of the county
court. The suggestion of the insolvency of the estate
was made to that court at the February term, 1875.
This bill was filed in the chancery court on the —
day of ——, 1879, to transfer · the settlement of the
estate, as an insolvent estate, to the chancery court.
On August 20, 1880, McKissick & Turley made them-
selves parties defendant to this suit, claiming to be
creditors of the intestate on demands which became
due in April, 1879. The funds of the estate had not

then been appropriated. The chancellor disallowed these claims upon the ground that they were barred by the statute of limitations of two years, and the claimants appealed.

Ordinarily the bar of the statute of two years only begins to run, on claims not due at the time of the qualification of the personal representative, from the time the claims fall due: *Trott* v. *West,* 9 Yer., 433. And the laws regulating the administration of insolvent estates will not affect the operation of the statute: *Marley* v. *Cummings,* 5 Sneed, 479. If the suit be not brought on the claim, or the claim filed within two years from its maturity, it will be barred, notwithstanding the commencement and pending of an insolvent suit. Will it be barred by the institution and pendency of such suit, when it does not fall due until after the suggestion of insolvency, and is filed before the funds of the estate are appropriated, and within two years after it does fall due? That is the question presented by the record.

The Code contains special provisions touching the administration of insolvent estates in the county court, and other provisions regulating the administration of such estates in the chancery court. In such cases, there is substantially the same provisions for claims not due, namely, that the creditor may file his claim for adjudication, and come in for a ratable distribution. If the debt be paid before due, a discount shall be made therefrom at the rate of six per cent per annum until the debt falls due; and if the debt cannot be paid until due, the court may direct a por-

tion of the property to be sold on long time to meet it, or have the money loaned out until the debt falls due. The sections of the Code regulating the administration of insolvent estates in the county court contains no provision in relation to claims not due which would change the time when the statute of limitations would begin to run on such claims, or otherwise affect the legal rights of the holders of such claims, except the last clause of section 2330, which is: "And any claim not filed on or before the day fixed (by notice), or before an appropriation of the funds of the estate is made, shall be forever barred both in law and equity." It is clear, therefore, that in the administration of an estate in the county court upon a suggestion of insolvency, a creditor whose claim is not due will not be barred of his action within the time of the statute after its maturity, if he file the claim at any time before an appropriation of the funds of the estate.

Among the provisions of the Code for the administration of insolvent estates in the chancery court, and immediately following the section, common to the administration of such estates both in the county and chancery courts, allowing claims not due to be filed, are these:

"2376. All creditors who shall fail to bring suit for their demands, or to come in under these proceedings and present their claims within the time prescribed by law, shall be forever barred and prohibited from becoming parties to such proceedings."

"2377. Creditors whose debts are not due shall be

under the same obligation to present their claims as those whose debts are due, and upon failure to do so shall be barred in like manner; but a creditor shall not be bound to present his claim before due, except where the estate is represented to be insolvent as herein provided."

The "time prescribed by law" in the first of these sections means the time of the statute of limitations. And, therefore, if the creditor bring his suit, or file his claim within the time of the statute, it is sufficient. Consequently, if he bring his suit within the time, he may file his claim at any time thereafter before the funds are appropriated: *Latta* v. *Sumerow,* 4 Lea, 486; *Hurley* v. *Paul,* 2 Tenn. Ch., 620, affirmed by this court. If the claim is not barred by the statute of limitations, either because it has been separately sued upon, or because it has not been due for the two years, it may be properly presented at any time "before an appropriation of the funds is made." The language of section 2377, that "creditors whose debts are not due shall be under the same obligation to present their claims as those whose debts are due," does not mean that they shall sue within two years from the grant of letters, but, in the words of section 2376, that they shall bring suit or present their claims in the insolvent case "within the time prescribed by law;" that is, within the time allowed by law for suing upon such claims "before an appropriation of the funds of the estate." The time within which to sue is not changed, but if the funds have been appropriated before suit brought by presenting the

claim, the creditor, again using the words of section 2376, "shall be forever barred and prohibited from becoming parties to such proceedings." The creditor is barred from becoming a party to the suit, and the claim be prevented from receiving its *pro rata* of the estate. Any other construction of these provisions would lead to the *reductio ad adsurdum*, that if the insolvency of the estate is not suggested for more than two years and six months after the grant of letters of administration, claims not due would be barred although they could not possibly have been sued on before.

The chancellor's decree must be reversed, and the cause remanded for further proceedings.

FREEMAN, J., dilivered the following dissenting opinion:

The answer to the opinion of the majority of the court is, that while it is ingenious and plausible, it is not what the statute means, in my opinion, we have but to put the three sections together, to see this.

2375 provides that: "Even a creditor whose debt is not due may become a party to the proceeding, and come in for his ratable distribution; and then adds provision for discount in case of payment before due.

2376 is, that all creditors who shall fail to bring suit, or come in under these proceedings and present their claims within the time prescribed by law, shall be forever barred and prohibited from becoming parties

24—VOL. 9.

to such proceedings. That this means within the period fixed by the statute of 1789—two years and six months, and three years is conceded, and has never been questioned.

It might well have been held that the creditor, whose debt was not due, was barred under this section alone, as it provides both for suit and coming in under these proceedings, the former clause might well apply to claims due, and which might have been sued on, and the latter to those not due, but which the previous section had provided might be brought in and filed for settlement.

But to make it beyond question what is meant, section 3377 is added, that "creditors, whose debts are not due, shall be under the same obligations to present their claims as those whose debts are due, and upon failure to do so, shall be barred in like manner, but a creditor shall not be bound to present his claim before due, except where the estate is represented to be insolvent as herein provided."

If this does not put the creditor where debt is not due, precisely on the same footing as one whose debt is due, the language simply does not mean what it says. The same obligation is imposed to present their claims, and the rule as to one is the rule as to the other. The rule as to the due debt is prescribed by the section before, and is the one fixed by statute of limitations of two years and six months—and then it is provided, that on failure to present, "they shall be barred in like manner." This can only mean in the same time, as there is no form or manner of barring

a claim, save simply by lapse of time. It is added such creditor is not bound to present his claim before due, except when the estate is represented to be insolvent as herein provided, that is, after suggestion in county court, been filed, and publication or service as provided for. When this is done he must come in, or be barred, or " prohibited from becoming party to such proceeding—to use the language of the statute.

I am unable to see on what principle we can hold that the section 2376 can be held to refer to a section in the other chapter providing for administration of insolvent estates in county court, and " within the time prescribed by law," to mean within the time prescribed by law for suing upon such claims " before an appropriation of the fund. This meaning is purely arbitrary. Each chapter is a complete system of itself—and each step in the proceeding specifiically regulated in it.

The time allowed by law for suing on claims is two years and six months—if within the State. This has been held to apply in ordinary cases to that length of time after the debt becomes due, but the statutes cited add that claims not due shall be presented, and if not, then they shall be barred in like manner—as if due—when the estate is being administered in the chancery court. While it might gratify our sense of right, to have proper claims allowed and filed, it cannot be a sufficient ground on which to give a construction to the statute which—its language does not impart—as to the suggestion, that the creditor, not the claim, is barred from becoming a party. We need

only say, it would be difficult to conceive how a claim could become a party to a suit at all—and if the creditor got in without a claim, he would not be very successful, and a claim without a creditor, would probably share the same fate.

As to the difficulty, that if the insolvency of the estate is suggested more than two years and six months after grant of administration, claims not due would be barred, although they could not be sued on, we only say, that we are not called on to remove apparent difficulties, but to ascertain the meaning of the language of the Legislature. If suits grow out of it, or hardships, it is for the Legislature, and not this court, to apply the remedy.

But the fact is, the Legislature did not contemplate or provide for any such case ever occurring. It was intended, and is so provided, as the first section of the act for administration of insolvent estates in the county court, that the administrator should ascertain the solvency or insolvency of the estate within six months after grant of letters of administration, and for this purpose it is forbidden that he shall be sued, etc. If this law and its purpose had been adhered to in practice, the insolvency would always be suggested in six months, and then the creditor, whose claim was not due, would be in precise the same condition as the one whose debt was due, and have the same time in which to present his claim. Such was the system, in fact, enacted by the Legislature.

This being the purpose, the whole system is harmonious. The fact that the provisions we have cited

were enacted in view of the six months being allowed for suggestion of insolvency, shows however, conclusively, that the construction we have given is the correct one, and the only one intended by the Legislature.

For these and other reason that might be given, I am compelled to dissent from the opinion of my brethren, and hold the chancellor's decree correct, and ought to be affirmed.